(118 App. Div. 386)

In re ORDWAY et al.

(Supreme Court, Appellate Division, First Department. March 22, 1907.)

MANDAMUS—ELECTIONS—BOARD OF CANVASSERS.

Section 114 of the election law (Laws 1896, p. 966, c. 909) provides that, if any certified original statement of the result of the canvass in any election district shows that any of the ballots counted at an election therein were objected to as marked for identification, a writ of mandamus may, upon the application of any candidate at such election in the district, issue to the board of canvassers to determine whether any ballot which has been rejected shall be counted. *Held*, that mandamus will not issue on an application which fails to state the particular election districts in which the certified original return shows that certain of the ballots counted were objected to as marked for identification.

Appeal from Special Term, New York County.

Mandamus by the people, on the application of Samuel H. Ordway and another, against the board of county canvassers for the county of New York, to compel respondents to count or not count certain ballots, as the court may determine. From an order denying complainants' motion for mandamus, they appeal. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

D. Cady Herrick, for appellants.
Terence Farley, for respondent.

INGRAHAM, J.   One of the relators was a candidate for justice of the Supreme Court and the other a candidate for judge of the Court of General Sessions of the county of New York at the general election held on the 6th of November, 1906.   The relators on the 26th of November, 1906, presented a petition to the Supreme Court which alleged that:

"The certified original statements of the results of the canvass in the various election districts of the various assembly districts of the county of New York show that certain of the ballots counted at said election held November 6, 1906, were objected to as marked for identification, and the other ballots were rejected by inspectors of election in said various election districts as void and which were not counted for any candidate."

And the relators asked that a writ of mandamus pursuant to the provisions of section 114 of the election law directed to the board of county canvassers for the county of New York directing said board either to count or not to count the said ballots, as this court may determine, and for other and further relief.

Section 114 of the election law (chapter 909, p. 966, Laws 1896) provides that:

"If any certified original statement of the result of the canvass in an election district shall show that any of the ballots counted at an election therein were objected to as marked for identification a writ of mandamus may, upon the application of any candidate voted for at such election in such district, within twenty days thereafter, issue out of the Supreme Court to the board or body of canvassers, if any, of the return of the inspectors of such election district.   *   *   *   If the court shall, in the proceedings upon such writ, determine that any such ballot was marked for the purpose of identification, the court shall order such ballot and the votes thereon to be excluded upon a recount of such votes.   A like writ may in the same manner be issued to determine whether any ballot and the votes thereon which has been rejected by the inspectors as void, shall be counted."

This section requires the person making the application to state the particular election districts in which the facts stated appear upon the certified original return, and it is only as to those election districts that a recount can be ordered.   A general allegation that in the certified original returns of the canvass of the vote in all the election districts of the city such ballots appeared is not, I think, a sufficient compliance with the law to justify the court, in one mandamus, to include all of the election districts of the city of New York.   The mandamus must specify the particular election districts in which a recount is to be commanded, and such a general allegation as is contained in this petition, which requires the court to issue a mandamus which would include all of the election districts of the city, is not, I think, a compliance with section 114 of the election law above cited.   One proceeding undoubtedly could include several election districts, but the petition must show that, in each of the election districts included, there appeared upon the certified original statement of the result of the canvass the fact that ballots marked for the purpose of identification had been counted or that ballots had been rejected as void which should have been counted.

We think it clear that the discontinuance of the proceedings instituted upon the application of M. Linn Bruce and others, called

the "judiciary nominators," was not a bar to this application. In view of the statement of counsel for the relators that a question was presented as to the counting of the ballots which should be determined, we should be inclined to grant the mandamus if the petition complied with section 114 of the election law; but, for the reason before stated, we are forced to the conclusion that the facts required by this section did not appear to the court. The court therefore was justified in denying the application.

The order appealed from should therefore be affirmed, with $10 costs and disbursements. All concur.